[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to Section 2-47 (a) of the Connecticut Practice Book, the Statewide Grievance Committee has made presentment to this court that Christopher C. Fountain, an attorney, has been guilty of misconduct not occurring in the presence of the court, and seeks "whatever discipline the court deems appropriate".
The court finds certain facts, stipulated to by the parties. The respondent was admitted to the Connecticut bar on November 3, CT Page 10293 1983. In representing one Gregory Viola in an arbitration proceeding before the National Association of Securities Dealers, Inc., he, the respondent, signed the name of one John Bengtsson to an affidavit dated May 13, 1993 and then proceeded to notarize the purported affiant's signature thereon. The respondent then sent the affidavit to the opposing counsel in the arbitration proceeding. It is stipulated that the foregoing actions of the respondent constitute a violation of Rule 8.4(4) of the Rules of Professional Conduct by engaging in conduct prejudicial to the administration of justice. The petitioner seeks in the presentment the imposition of whatever discipline the court deems appropriate.
Certain additional facts, germane to the case, were brought out at the hearing before the court. The respondent is an alcoholic and was suffering from dependency at the time of his act of misconduct. There was a single act of misconduct, and the presentment hearing took place nearly five years after the act. The attorney's drinking problem has been under control for more than four years.
The Rules of Professional Conduct, Rule 8.4(4), states that it is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice. It is misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation". Rules of Professional Conduct, Rule 8.4.(3). Rule 3.4(2) states that "a lawyer shall not . . . falsify evidence . . .". A violation of the Rules of Professional Conduct amounts to professional misconduct. Rules of Professional Conduct, Rule 8.4(1). The respondent having violated these rules, it is the trial court's responsibility to evaluate the character. integrity, and fitness to practice law of the respondent in order to determine the sanction to be imposed upon him. Statewide Grievance Committee v. Shluger, 230 Conn. 668,677, 646 A.2d 781 (1994).
"To aid in this task, Connecticut courts have looked to the Standards for Imposing Lawyer Discipline' ("Standards") adopted by the American Bar Association. Statewide GrievanceCommittee v. Shluger, supra, 230 Conn. 673 (footnote 10);Statewide Grievance Committee v. Hoffman, Judicial District of Stamford/Norwalk at Stamford, No. CV94-0138427, (August 24, 1994, Lewis, J.).
The court is very well aware of the necessity of enforcing CT Page 10294 our disciplinary rules. I believe that the improvement of the image of the profession in the eyes of the public must be the single most essential goal of the profession. Without the confidence of those who use the legal system, our profession as we know it is in danger. Unless the public believes we are policing ourselves honestly, fairly and with due regard for the interests of those whom we serve, our right to do so will one day be stripped from us. Statewide Grievance Committee v. Glass, Judicial District of Stamford/Norwalk at Stamford, No. CV95-0144258, (September 6, 1998, D'Andrea, J.).
At the same time, a court charged with imposing sanctions on an errant attorney must always carefully evaluate the facts and the circumstances leading to and surrounding a particular violation. Our task is not "to mete out punishment to an offender, but [so act] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." Statewide GrievanceCommittee v. Botwick, 226 Conn. 299, 307, 62Z A.2d 901 (1993).
It befalls this court, then, to determine whether the acts or the conduct of the respondent, considering the circumstances under which he committed them, and considering the respondent's character, and fitness to practice law, are sufficient to warrant his suspension there from.
The ABA standards refer to certain aggravating and mitigating factors to be considered by the court in determining sanctions. The relevant aggravating factors include prior disciplinary offense, dishonest, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, submission of false evidence and false statements or other deceptive practices during the disciplinary process. Mitigating factors are absence of a prior disciplinary record; absence of dishonest or selfish motives; timely good faith effort to make restitution or to rectify consequences of misconduct, full and free disclosure to disciplinary boards. or cooperative attitudes towards proceedings; inexperience in the practice of law; character or reputation, delay in disciplinary proceedings; imposition of other penalties or sanctions; remorse." Statewide GrievanceCommittee v. Glass, supra, 10225.
The actions of the respondent involved a dishonest motive. CT Page 10295 Preparing an affidavit, forging a signature, then notarizing the signature and forwarding the affidavit to opposing counsel in a pending, contested arbitration matter indeed is ". . . conduct involving dishonesty, fraud, deceit or misrepresentation." Rules of Professional Conduct, Rule 8.4(3).
As mitigating factors, there is an absence of a prior disciplinary record. a single act of misconduct, and alcohol dependency. Also, during the long delay in the disciplinary proceedings, the respondent has had a meaningful and sustained period of successful rehabilitation.
Nevertheless. it is incumbent upon the court to foster the principle that lawyers may not engage in conduct prejudicial to the administration of justice. Rules of Professional Conduct, Rule 8.4(3). A trial court has inherent judicial power, derived from judicial responsibility for the administration of justice. to exercise sound discretion to determine what sanction to impose in light of the entire record before it. StatewideGrievance Committee v. Shluger, supra, 230 Conn. 678. "Long ago, we stated that courts are, as they should be, left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice". (Internal quotation marks omitted). Id. 679. "We have a continuing duty to make it entirely clear that the standards of conduct non-professional as well as professional, of the members of the profession of the law in Connecticut have not changed, and that those standards will be applied under our rules of law. in the exercise of a reasonable discretion . . . ". (Internal quotation marks omitted). Id., 679.
Although the petitioner in this presentment asks "for the imposition of whatever discipline the court deems appropriate", in its reply brief it requests that the court impose a suspension for a minimum period of one year. The court agrees that a period of suspension is appropriate.
The court finds that the respondent has violated Rules 8.4(4), 3.4(2), 8.4(1), and 8.4(3) of the Rules of Professional Conduct, and after considering all the circumstances of the case, including the mitigating factors, especially the respondent's alcohol dependency at the time of the commission of the acts in question, and his apparently successful return to sobriety for the last several years, concludes that a suspension of three months is warranted. Therefore. the respondent, Christopher C. Fountain, is suspended from the practice of law for a period of CT Page 10296 three months commencing on September 14, 1998 and ending on December 13, 1998.
Pursuant to Practice Book § 2-64, the court appoints Attorney Victor L. Zimmermann, Jr., to inventory the files of the respondent and to take such action as seems indicated to protect the interests of the respondent's clients.
So Ordered.
D'ANDREA, J